UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ALDO GERVASI, SALVATORE GERVASI,
KRISTEN FERRARI, MIKE CARMODY,
DONALD TARELLO, WILLIAM GULICK,
GEORGE SMORAWSKI and JOHN RAGO



                    Plaintiffs     SEYBERT, J.   COMPLAINT & JURY DEMAND

-against-

JAMES E. JOSEPHSON, KENNETH J. RIPP,
P.O. MAIEO and SUFFOLK COUNTY NY
(Suffolk County Police Dept.)

TOMLINSON, M.J.  

AUG 10 2006

                    Defendants
------------------------------------------------------------------x

       The above mentioned plaintiffs, through their attorneys Hill & Associates, allege the following for their Complaint:

       1. All of the above named plaintiffs are American citizens; they all reside in Nassau or Suffolk Counties NY.

       2. At all times hereinafter defendants James E. Josephson, Kenneth J. Ripp and P.O. Maieo were police officers employed by the Suffolk County Police Dept.

       3. Defendant Suffolk County is a county organized and governed under New York State law.

       4. The Suffolk County Police Dept. (hereinafter "Suffolk PD") is an integral unit of defendant Suffolk County.

       5. At all times hereinafter mentioned defendants Josephson, Ripp and Maieo were acting as employees of Suffolk PD. Moreover, at all times hereinafter mentioned defendants Josephson, Ripp and Maieo were following customs and/or practices long tolerated, known by and/o authorized by the Suffolk PD.

6. The plaintiffs timely filed and served their collective Notice of Claim against the Suffolk PD. To date, the Suffolk PD's Internal Affairs Div. has examined plaintiffs Salvatore Gervasi, Ferrari, Carmody, Tarello, Gulick, and Smorowski on behalf of defendant Suffolk County.

7. Over thirty days have elapsed since the plaintiffs served defendant Suffolk County with their collective Notice of Claim. To date, defendant Suffolk County has neither paid nor adjusted the claim.

8. The plaintiffs commenced this action within the one year and ninety day Statute of Limitations [for defendant Suffolk County] after the final happening of the events underlying this Complaint.

## JURISDICTION AND VENUE

9. The plaintiffs are bringing this action pursuant to: 42 U.S.C. 1981, 1983, 1985 and 1988 and the Fourteenth Amendment of the United States Constitution.

10. EDNY has jurisdiction under 28 U.S.C. 1331, 1332 and 1343; it has jurisdiction over any pendant New York State claim under 28 U.S.C. 1367.

11. EDNY has venue under 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

12. On August 16, 2005 plaintiff Aldo Gervasi owned and operated Lane's Luncheonette, at 775 Deer Park Avenue, North Babylon, New York. On weekdays, Lane's Luncheonette closed for business at 8:00 P.M. Tuesday, August 16, 2005, was an ordinary weekday for Lane's Luncheonette.

13. Shortly after Lane's Luncheonette closed for business on August 16,

2005 the plaintiffs and five other participants gathered in the luncheonette for a friendly card game. There was **no** gambling, rowdiness, illicit conduct, broken windows, broken locks, loose garbage, unusually bright lights, or anything amiss occurring on or about the premises.

14. Around 9:00 P.M. Marty Pape, one of the card players, went outside to retrieve a pack of cigarettes from his truck. At that point defendants Josephson, Ripp and Maieo and seven to ten other Suffolk PD officers forced their way into Lane's Luncheonette and ordered everyone to "stay where you are" and "put your @#$% hands on the table where we can see them."

15. Marty Pape did **not** let the Suffolk PD officers in; he [Pape] closed the door to the premises when he went outside for cigarettes. Neither plaintiff Aldo Gervasi nor his brother, plaintiff Salvatore Gervasi, gave any consent to the Suffolk PD raiding party entering the premises.

16. As politely as possible under the circumstances plaintiff Salvatore Gervasi asked the Suffolk PD officers if they had a warrant, to which defendant Josephson answered "shut the @#$% up!" No member of the police raiding party produced or displayed a search warrant or arrest warrant.

17. Plaintiff Salvatore Gervasi identified himself and again as politely as possible under the circumstances asked the Suffolk PD officers what was going on – again, defendant Josephson told plaintiff Salvatore Gervasi to "shut the @#$% up!"

18. PO Maieo then asserted that the raiding party was responding to a burglary in progress, to which plaintiffs Carmody and Salvatore Gervasi noted the obvious – several people merely playing cards. PO Maieo then reversed field and asserted that there were "complaints" about Lane's Luncheonette, to which plaintiffs Aldo Gervasi and Salvatore Gervasi asked what the "complaints" were about Lane's Luncheonette.

19. Defendant Josephson interjected himself again by again ordering plaintiff Salvatore Gervasi to "shut the @#$% up," to which Salvatore Gervasi answered "for what, I didn't do anything!" At that point, defendant Josephson instructed defendant Maieo to handcuff plaintiff Salvatore Gervasi; defendant Maieo then cuffed plaintiff Salvatore Gervasi's hands from behind.

20. Upon being cuffed, plaintiff Salvatore Gervasi asked why he was being arrested; defendant Josephson answered "for obstruction." Plaintiff Carmody asked defendant Josephson if he [Carmody] could have a word with him [Josephson], to which Josephson answered "you shut the @#$% up too!" Ultimately, the Suffolk PD never arrested or charged plaintiff Salvatore Gervasi with anything.

21. The raiding party, including defendants Josephson, Ripp and Maieo searched Lane's Luncheonette without plaintiff Aldo Gervasi's consent. They, including defendants Josephson, Ripp and Maieo also searched plaintiffs Tarello, Gulick and Rago without their respective consents. Defendants Josephson, Ripp, Maieo and other members of the raiding party also search plaintiff Tarello's vehicle without plaintiff Tarello's consent. None of the aforementioned plaintiffs displayed any weapon or contraband that justified any search; nothing was said or displayed that would indicate that plaintiff Tarello had weapons or contraband in or about his vehicle.

22. Defendant Josephson forced all the plaintiffs to turn over their respective ID's; he then took the ID's outside while leaving the plaintiffs under guard inside the premises. Defendants Josephson and Ripp refused plaintiff Ferrari leave to answer her cell phone to answer an incoming call from her child's babysitter. They also refused plaintiff Rago leave to take a comfort break.

23. Shortly thereafter, beginning with plaintiff Carmody and ending with plaintiffs Aldo Gervasi and Salvatore Gervasi, the raiding party took the plaintiffs out one or two at a time and ordered them to "go home." Plaintiff Salvatore Gervasi remained

handcuffed the entire time. During the entire time, defendants Josephson and Ripp continued hurling verbal abuse on plaintiffs Aldo Gervasi and Salvatore Gervasi.

24. There was **no** money or anything of value at stake or at risk from the card game the plaintiffs were playing. The entire incident lasted a little over an hour.

25. After being taking out, defendant Josephson gave plaintiff Carmody an additional unpleasant surprise. For **no** justifiable reason defendant Josephson had a juvenile civilian, one Michael Elco, riding in Josephson's Suffolk PD vehicle. More disturbing, defendant Josephson had given civilian Michael Elco a Suffolk PD police report plaintiff Carmody filed previously concerning a theft from one of Carmody's properties. Although this particular incident was not in the Notice of Claim, Suffolk PD's IAD investigators thoroughly debriefed plaintiff Carmody when they interviewed him regarding the Notice of Claim for the August 16, 2005 incident at Lane's Luncheonette.

### AS AND FOR A FIRST CAUSE OF ACTION
### ALL PLAINTIFFS AGAINST ALL DEFENDANTS
### 42 U.S.C. 1983 – FALSE IMPRISONMENT

26. The plaintiffs repeat and reiterate every allegation in paragraphs "1" through "25" of their Complaint as though fully set forth at length herein.

27. A police detention occurred between 9:00 P.M. and 10:30 P.M. on August 16, 2005, when some thirteen Suffolk PD officers, including defendants Josephson, Ripp and Maieo forcibly entered Lane's Luncheonette, displayed batons and weapons, and ordered the plaintiffs to stay where they were. For over an hour, and without any legal basis or justification, the aforementioned defendants confined the plaintiffs to the interior of Lane's Luncheonette. None of the plaintiffs could leave until the defendants told them to "go home."

28. Defendants Josephson, Ripp and Maieo used their authority as Suffolk PD officers to effect the illegal detention of the plaintiffs.

29. Upon information and belief the Suffolk PD has long known and tolerated its police officers stretching the limits when it came to using a flimsy excuse to forcibly enter a private premises.

30. Defendants Josephson, Ripp and Maieo are jointly and severally liable to the plaintiffs for a collective $500,000.00 in actual damages and $500,000.00 in punitive damages. Because the three aforementioned defendants were acting as Suffolk PD officers when they effected the illegal detention Suffolk County is liable under *respondeat superior* for $500,000.00 collective, actual damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### PLAINTIFF SALVATORE GERVASI AGAINST
### DEFENDANTS JOSEPHSON, MAIEO & SUFFOLK COUNTY
### 42 U.S.C. 1983 - BATTERY

31. The plaintiffs repeat and reiterate every allegation in paragraphs "1" through "30" of their Complaint as though fully set forth at length herein.

32. Without any justification or provocation by plaintiff Salvatore Gervasi [who merely asked the defendants why they were in Lane's Luncheonette and to produce a warrant], defendant Josephson, exercising his authority as a Suffolk PD officer on official Suffolk PD business, ordered defendant Maieo to handcuff plaintiff Salvatore Gervasi's hands from behind. Defendant Maieo complied with Josephson's instructions and cuffed plaintiff Salvatore Gervasi, who remained handcuffed until the August 16, 2005 incident ended.

33. Upon information and belief, the Suffolk PD has long tolerated its officers exceeding their authority and restraining a civilian without any justification.

34. Defendants Josephson and Maieo are jointly and severally liable to plaintiff Salvatore Gervasi for $500,000.00 in actual damages and $500,000 in punitive damages. Because the two aforementioned defendants were acting as Suffolk PD officers when they handcuffed plaintiff Salvatore Gervasi, Suffolk County is liable under *respondeat superior* for $500,000.00 in actual damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### PLAINTIFFS TARELLO, GULICK & RAGO
### AGAINST ALL DEFENDANTS
### 42 U.S.C 1983 - BATTERY

35. The plaintiffs repeat and reiterate every allegation in paragraphs "1" through "34" of their Complaint as though fully set forth at length herein.

36. Without any justification or provocation by plaintiffs Tarello, Gulick or Rago defendants Josephson, Ripp and Maieo forcibly searched the persons of plaintiffs Tarello, Gulick and Rago before permitting the three aforementioned plaintiffs to leave Lane's Luncheonette on August 16, 2005.

37. Upon information and belief the Suffolk PD has long tolerated and overlooked civilian complaints about illegal body searches by Suffolk PD officers.

38. Defendants Josephson, Ripp and Maieo are jointly and severally liable to plaintiffs Tarello, Gulick and Rago for a collective $250,000.00 in actual damages and a collective $250,000.00 in punitive damages. Because the three aforementioned defendants were acting as Suffolk PD officers when they illegally searched the three aforementioned plaintiffs, Suffolk County is liable for $250,000.00 collective, actual damages under *respondeat superior*.

### AS AND FOR A FOURTH CAUSE OF ACTION
### PLAINTIFF ALDO GERVASI AGAINST ALL DEFENDANTS
### 42 U.S.C. 1983 - TRESPASSING

39. The plaintiffs repeat and reiterate every allegation in paragraphs "1" through "38" of their Complaint as though fully set forth at length herein.

40. On August 16, 2005 plaintiff Aldo Gervasi owned and operated Lane's Luncheonette. At 9:00 P.M. on August 16, 2005 Lane's Luncheonette was closed for business; everything in or about the premises was in order.

41. Around 9:00 P.M. on August 16, 2005 defendants Josephson, Ripp, Maieo and ten other Suffolk PD officers forcibly entered Lane's Luncheonette without justification or plaintiff Aldo Gervasi's consent. Thereafter, again without justification or Aldo Gervasi's consent, the aforementioned defendants searched the premises.

42. Upon information and belief, the Suffolk PD has long tolerated its police officers acting arbitrarily and exceeding their authority in forcibly entering private civilian property.

43. Defendants Josephson, Ripp and Maieo are jointly and severally to plaintiff Aldo Gervasi for $250,000.00 actual damages and $250,000.00 punitive damages by trespassing onto his property. Because the three aforementioned defendants were acting as Suffolk PD officers when they trespassed onto Lane's Luncheonette, Suffolk County is liable for $250,000.00 actual damages under *respondeat superior*.

### AS AND FOR A FIFTH CAUSE OF ACTION
### PLAINTIFF CARMODY AGAINST
### DEFENDANTS JOSEPHSON & SUFFOLK COUNTY
### 42 U.S.C. 1983 – NEGLIGENCE

44. The plaintiffs repeat and reiterate every allegation in paragraphs "1" through "43" of their Complaint as though fully set forth at length herein.

45. Some time before the August 16, 2005 incident at Lane's Luncheonette plaintiff Carmody suffered a theft of personal property. He duly reported the theft to the Suffolk PD, giving all the pertinent personal information.

46. After defendant Josephson had plaintiff Carmody removed from Lane's Luncheonette on August 16, 2005, he [Carmody] came upon Michael Elco, a juvenile civilian, sitting in Josephson's Suffolk PD car. More disturbing, Elco then quoted to plaintiff Carmody chapter and verse from the report plaintiff Carmody had filed with the Suffolk PD.

47. Under New York State law, police reports and the information therein, particularly personal information about witnesses and complainants, is not subject to public disclosure.

48. Upon information and belief, the Suffolk PD has often been careless in protecting confidential information provided by the public.

49. Defendant Josephson is liable to plaintiff Carmody for $250,000.00 actual damages for negligently disclosing confidential Suffolk PD information concerning Carmody to Elco, a civilian. Because Josephson's negligence occurred during the course of his duties as a Suffolk PD officer, Suffolk County is liable under *respondeat superior*.

## DEMAND FOR A JURY TRIAL

50. The plaintiffs demand that any trial of the above captioned action be by jury.

WHEREFORE, the plaintiffs request the following relief:

(A) – judgment for all plaintiffs jointly and severally against all defendants on the first cause of action, with $500,000.00 actual damages, statutory interest, costs and disbursements collectively awarded to the plaintiffs, also $500,000.00 punitive damages jointly and severally from the individual named defendants collectively to the plaintiffs;

(B) – judgment for plaintiff Salvatore Gervasi jointly and severally against defendants Josephson, Maieo and Suffolk County on the second cause of action, with $500,000.00 actual damages, statutory interest, costs and disbursements awarded to plaintiff Gervasi, also $500,000.00 punitive damages jointly and severally from defendants Josephson and Maieo to plaintiff Salvatore Gervasi;

(C) – judgment for plaintiffs Tarello, Gulick and Rago jointly and severally against all defendants on the third cause of action, with $250,000.00 actual damages, statutory interest, costs and disbursements collectively awarded to plaintiffs

Tarello, Gulick and Rago, also $250,000.00 punitive damages jointly and severally from the individual named defendants collectively to plaintiffs Tarello, Gulick and Rago;

(D) – judgment for plaintiff Aldo Gervasi jointly and severally against all defendants on the fourth cause of action, with $250,000.00 actual damages, statutory interest, costs and disbursements awarded to plaintiff Aldo Gervasi, also $250,000.00 punitive damages jointly and severally from the individual named defendants to plaintiff Aldo Gervasi;

(E) – judgment for plaintiff Carmody jointly and severally against defendants Josephson and Suffolk County on the fifth cause of action, with $250,000.00 actual damages, statutory interest, costs and disbursements awarded to plaintiff Carmody;

(F) – an order granting the plaintiffs, individually and collectively, such other and further relief the Court deems appropriate.

Dated: August 8, 2006

*[signature]*
Lawrence Banigan (LB 2936)
Hill & Associates
Attorneys for Plaintiffs
41 Hilton Avenue
Hempstead NY 11550
(516) 248-2474
Fax: (516) 248-2477